PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICKEY C. KRELL, | ) |
|           Plaintiff, | ) CASE NO. 4:18CV1998 |
| v. | ) JUDGE BENITA Y. PEARSON |
| GOLD CROSS AMBULANCE SERVICES, INC., *etc.*, *et al.*, | ) **MEMORANDUM OF OPINION AND ORDER** |
|           Defendants. | ) [Resolving ECF No. 5] |

Pending is Defendant Gold Cross Ambulance Services, Inc. d/b/a AMR's ("AMR") Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and 28 U.S.C. § 1915 (ECF No. 5). The Court has been advised, having reviewed the record, the memorandum in support of the motion (ECF No. 5 at PageID #: 26-34), and the applicable law. For the reasons set forth below, the Court grants the motion as to the federal claim against all Defendants and remands the state-law claim.

## I. Introduction

*Pro se* Plaintiff Rickey C. Krell filed this action in the Mahoning County, Ohio Court of Common Pleas against AMR Parimedics (sic) and AMR Ambulance Service, being Case No. 2018 CV 01518. In his Complaint (ECF No. 1 at Page ID #: 9-12), Plaintiff alleges he had an incident at his home on December 5, 2017, involving a police officer who "tackled [him] to the floor." ECF No. 1 at Page ID #: 9. He alleges he told the police officers he was disabled and

(4:18CV1998)

required medical attention. When the two paramedics subsequently arrived at his home, he informed them of various conditions in his back and neck, but allegedly because they "conspired" with police, the paramedics refused to utilize a backboard and neck brace in moving him. ECF No. 1 at Page ID #: 9. Instead, they transported him "without a back board to St. E's Hospital on Belmont," and this allegedly caused further injuries to his back. ECF No. 1 at Page ID #: 10. Seeking damages, Plaintiff alleges a federal claim for cruel and unusual punishment and deliberate indifference to his medical needs under 42 U.S.C. § 1983 against all of the defendants, and a state-law claim for negligence.

AMR timely removed the case to this Court on the basis of federal question jurisdiction. *See* Notice of Removal (ECF No. 1). On September 4, 2018, AMR filed the within motion on both of Plaintiff's claims. Plaintiff has not responded to the motion.

## II. Standard of Review

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). "To survive a [Rule 12(b)(6)] motion to dismiss, [the complaint] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court may dismiss a claim if it finds, on the face of the pleading, that "there is an insurmountable bar to relief indicating that the plaintiff does not have a claim." Ashiegbu v. Purviance, 76 F. Supp.2d 824, 828 (S.D. Ohio 1998), aff'd 194 F.3d 1311 (6th Cir. 1999), cert. denied, 529 U.S. 1001 (2000).

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true." Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012) (quoting Tucker v. Middleburg-Legacy Place, LLC, 539 F.3d 545, 549 (6th Cir. 2008)). The Court "must construe the complaint in the light most favorable to [the] plaintiff[.]" Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010) (quoting League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007)).

*Pro se* pleadings are construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers); Boag v. MacDougall, 454 U.S. 364, 365 (1982). Nevertheless, even a *pro se* complaint must set forth sufficient factual matter, accepted as true and with all reasonable inferences drawn in the plaintiff's favor, to survive a dismissal for failure to state a claim. See Anson v. Corr. Corp. of Am., 529 Fed.Appx. 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous"); Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010).

(4:18CV1998)

### III. Analysis

In order to plead a federal cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). The Complaint (ECF No. 1 at Page ID #: 9-12), even liberally construed, fails to allege facts sufficient to demonstrate either element of a § 1983 claim.

First, the Complaint (ECF No. 1 at Page ID #: 9-12) does not allege facts reasonably suggesting that any defendant acted under color of state law. As a general rule, private medical providers do not act under color of state law for purposes of § 1983. *See Styles v. McGinnis*, 28 Fed.Appx. 362, 364 (6th Cir. 2001). They engage in state action only when "a court can fairly attribute their actions to the state, rather than a private entity." *Blythe v. Schlievert*, 245 F. Supp.3d 959, 967 (N.D. Ohio 2017) (Carr, J.), citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Plaintiff alleges in purely conclusory terms that the private AMR paramedics who responded to his home "conspired" with police when they removed him from his home and transported him to the hospital. But, these purely conclusory assertions of a "conspiracy" with police are insufficient to support a reasonable inference that any defendant acted under color of state law for purposes of § 1983. *See Blythe, supra*, (holding that a mother's conclusory allegations that four physicians went beyond their proper role as doctors failed to show that physicians were acting under color of state law as required to be amenable to suit under § 1983).

(4:18CV1998)

Second, Plaintiff has failed to allege a cognizable constitutional deprivation, even if there were a defendant who engaged in state action. It is not a constitutional violation for a state actor to render incompetent medical assistance or fail to rescue those in need. *Jackson v. Schultz*, 429 F.3d 586, 590 (6th Cir. 2005). Moreover, failure to provide adequate medical assistance to a prisoner in custody violates the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference is characterized by obduracy or wantonness -- it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010). Allegations of medical malpractice or negligent diagnosis and treatment fail to state a claim of deliberate indifference. *Jennings v. Al-Dabagh*, 97 Fed.Appx. 548, 549-50 (6th Cir. 2004).

Even assuming Plaintiff had a serious medical need and that he was somehow in custody, the Complaint (ECF No. 1 at Page ID #: 9-12) does not allege facts sufficient to support a plausible inference that any defendant had the requisite subjective state of mind to show he was "deliberately indifferent" to Plaintiff's medical needs. At the most, Plaintiff's allegations suggest the paramedics who responded to his home were negligent in moving him or in transporting him

5

(4:18CV1998)

to the hospital. Negligence is insufficient to support a constitutional claim. *Reilly*, 680 F.3d at 624.

Finally, to the extent that Plaintiff may be suing AMR based its role as employer of the two paramedics, the claim must still be dismissed. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto employers. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) ("As we have already explained here and over the years, a defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis.").

### IV. Conclusion

For the foregoing reasons, Plaintiff has failed to state a cognizable claim against any defendant under § 1983. Accordingly, Defendant Gold Cross Ambulance Services, Inc. d/b/a AMR's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and 28 U.S.C. § 1915 (ECF No. 5) is granted with respect to Plaintiff's § 1983 claim, and the federal claim is dismissed as against all defendants. Final judgment will be entered in favor of Defendants on the § 1983 claim.

Given the dismissal of Plaintiff's federal claim at this early stage of litigation, the Court declines to exercise supplemental jurisdiction over the remaining state-law claim. AMR's asserted ground for dismissal of this claim -- that it is barred by Ohio Rev. Code § 4765.49(A)-(B) -- is better resolved by the Ohio courts. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the

(4:18CV1998)

balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."). Accordingly, Plaintiff's state-law claim for negligence will be remanded to the Mahoning County, Ohio Court of Common Pleas.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

<u>   April 30, 2019   </u>            <u>  */s/ Benita Y. Pearson*   </u>
Date                                  Benita Y. Pearson
                                         United States District Judge